## JONATHAN MORRIS *vs.* ENOCH HOLLIS.

Under circumstances the Court will direct a set-off of judgments in cross actions between the same parties, even after an assignment made with a view to defeat the right of set-off.

TROVER for a gig and harness.—Plea, Not guilty.

This case came on immediately after the verdict was rendered in the case of *Hollis* vs. *Morris,* (ante p. 3,) and was in relation to a part of the same property; the gig and harness.

The defendant called a witness, who was objected to on the ground of interest in the event of the suit, as the amount of the verdict in the other case had been assigned to him on the record. It was said that the plaintiff would be entitled to set-off any judgment which might be recovered in this suit, against the judgment recovered by Hollis against him in the other suit, notwithstanding this assignment, which, under the circumstances in which it has been made, is a fraud upon him.

*The Court* sustained the objection and excluded the witness.

The plaintiff had a verdict for $150 00 and a rule was granted, on his application, to show cause why this verdict should not be set-off against the verdict just recovered in the case of *Hollis* vs. *Morris;* which, upon hearing, was made absolute. It appeared that the defendant in this case was insolvent, and the assignment of his verdict against the present plaintiff, had been made with a view to defeat the right of set-off, and with full knowledge, on the part of the assignee, of all the circumstances.

*Cullen* and *Frame* for plaintiff.

*Layton* for defendant.